■ ALFRED L. SHAPIRO, Respondent, v. HEALTH INSURANCE PLAN OF GREATER NEW YORK et al., Appellants.— In an action to recover damages for defamation, the appeal is from an order denying appellants' motion for summary judgment dismissing the amended complaint on the basis of documentary evidence allegedly showing qualified privilege sufficient to defeat the action. The motion was denied on the ground that there was a question of fact as to malice which would destroy the defense of qualified privilege. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock and Murphy, JJ., concur; Ughetta, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: Concededly the defense of qualified privilege is established, but appellants are denied summary judgment on the holding that a question of fact remains as to malice which would destroy this defense. While it is true that the texts frequently discuss

the effect of malice upon qualified privilege, it is not true that a party may defeat an established defense of qualified privilege by merely charging malice. Appellants having established the defense upon a motion for summary judgment, respondent is under the burden of submitting *facts* showing a triable issue. Respondent fails to carry that burden; his lengthy affidavits amount merely to a claim that appellants were out to " get " him as a " trouble maker ", without stating facts to substantiate this conclusory allegation. " Motive " and " malice " are not to be confused, and the only malice alleged here is not established by proof sufficient to raise an issue or to warrant denial of the motion. (Cf. *Beardsley* v. *Kilmer*, 236 N. Y. 80.)